UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14-4946 DSF (PJWx) | Date | 2/29/16 |
| Title | Winplus North America, Inc., et al. v. Scantop Enterprise Company Ltd. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Petitioners Winplus North America, Inc. and Winplus Company Ltd.'s Petition to Confirm Arbitration Award and Recover Costs and Attorneys' Fees (Dkt. 1)

Petitioners Winplus North America, Inc. and Winplus Company Ltd. (collectively "Winplus") request confirmation of an arbitration award against Respondent Scan Top Enterprise Company Ltd. Winplus also seeks attorneys' fees and costs for the filing of the petition.

The Court deems the matter suitable for disposition without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for March 7, 2016, is removed from the Court's calendar. Winplus's petition for confirmation is granted, but its request for attorneys' fees is denied.

A party may request that judgment be entered on an arbitration award when the agreement provides for a confirmation order. 9 U.S.C. § 9. The court "must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title." Id. Sections 10 and 11 permit judicial intervention only where there were "egregious departures from the parties' agreed-upon arbitration." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 586 (2008). An award may only be vacated for corruption, evident partiality, arbitrator misconduct, or "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). An award may only be modified or corrected where there was evident miscalculations, imperfections in the form (rather than substance), or the award was on matters not submitted to the arbitrator. 9 U.S.C. § 11. Otherwise, a court will not review an award – even if it contains erroneous legal conclusions or unsubstantiated factual findings. Bosack v. Soward, 586 F.3d 1096, 1102 (9th Cir. 2009).

Scan Top seeks to vacate or modify the award against it, arguing that the arbitrator exceeded his power by "changing his mind" and awarding attorneys' fees for patent counsel. Opp. at 5:7-18, 6:2-8.[1] It argues Winplus was obligated by a side agreement to pay for patent counsel. Id. But even if that is true, the arbitrator acted within the authority granted by the parties' agreement. The arbitrator had "the power to grant all legal and equitable remedies," and the prevailing party – Winplus in this case – was entitled to attorneys' fees stemming from the arbitration. Genga Decl., Exhibit C, ¶ 8.7. The arbitrator did not exceed his powers.

The petition to confirm the arbitration award is GRANTED.

Winplus also requested attorneys' fees for the costs of the confirmation petition, pursuant to the parties' agreement and Cal. Civ. Code § 1717(a). Mot. at 9:14-10:8. Neither party addressed the request in its opposition or reply. But Winplus's request does not comply with the Court's standing order on attorneys' fees (posted on the Court's website). Winplus's request for additional fees is DENIED without prejudice.

IT IS SO ORDERED.

---

[1] Scan Top alleges that the arbitrator changed his mind because of differences between the interim award and final award, but the arbitrator specifically retained jurisdiction in the interim award to consider additional amounts for legal fees and costs. See Genga Decl., Exhibit E at 111.